# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RASHAD JOHNSON, Booking #13708274,<br><br>Plaintiff,<br><br>vs.<br><br>NATURAL ROOTS MARIJUANA DISPENSARY; ROBERT ESPINOSA; ISAAC RODRIGUEZ; JOSH FELDMAN; and CITY OF SAN DIEGO<br><br>Defendants. | Civil No.   13cv0642 WQH (DHB)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR APPOINTMENT OF COUNSEL [ECF Doc. No. 6];**<br><br>**AND**<br><br>**(2) SUA SPONTE DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

## I.

### PROCEDURAL HISTORY

On March 18, 2013, Anthony Rashad Johnson, ("Plaintiff"), proceeding pro se, submitted a civil rights Complaint pursuant to 28 U.S.C. § 1983. (ECF No. 1.) In addition, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP"), along with a Motion to Appoint Counsel. (ECF Nos. 2, 3.) In his original Complaint, Plaintiff claimed Defendants,

who are alleged to be the owner and "employee/volunteers" of the Natural Roots Medical Marijuana Dispensary, violated his constitutional rights by "operating a storefront marijuana dispensary illegally." (Compl. at 3.) Specifically, Plaintiff alleged that on January 24, 2013, Defendants "g[ot] high off marijuana," drank "meth taps (juice with methamphetamine)", and "caused [his] client & several other customers to be victims in a heist type armed robbery." (*Id.*) Plaintiff claimed he was subject to cruel and unusual punishment, denied due process, equal protection, and was falsely imprisoned due to Defendants' failures to employ "armed security guards," post the proper "signs and symbols," or otherwise comply with the "Prop. 215 laws." (*Id.* at 3, 4.) Plaintiff sought a restraining order keeping Defendants 100 yards away from him and his family, as well as general and punitive damages. (*Id.* at 7.)

On June 13, 2013, this Court granted Plaintiff's Motion to Proceed IFP, denied Plaintiff's Motion for Appointment of Counsel and sua sponte dismissed his Complaint for failing to state a claim. (ECF No. 4 at 6-7.) Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified in the Court's Order. (*Id.* at 7.) Plaintiff has now filed a second Motion for Appointment of Counsel, along with a First Amended Complaint ("FAC"). (ECF Nos. 5, 6.)

## II.

### MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff, once again, requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is

dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice because, for the reasons set out below, neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

### III.
### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As stated in the Court's previous Order, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, in giving liberal interpretation to a pro se civil rights complaint, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th

Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

Here, once again, Plaintiff fails to allege any act on the part of Defendants Natural Roots Marijuana Dispensary, its owner Josh Feldman, or its employees/volunteers Espinosa or Rodriguez, which were taken "under color of state law." *See* 42 U.S.C. § 1983, 28 U.S.C. § 1915(e)(2)(B)(ii). Private parties or entities do not generally act under color of state law; thus, "purely private conduct, no matter how wrongful, is not within the protective orbit of section 1983." *Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974); *see also Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). While a plaintiff may seek to hold a private actor liable under section 1983, he must allege facts that show some "state involvement which directly or indirectly promoted the challenged conduct." *Ouzts*, 505 F.2d at 553; *West v. Atkins*, 457 U.S. 42, 49, 54 (1988); *Johnson v. Knowles*, 113 F.3d 1114, 1118-1120 (9th Cir. 1997). In other words, Plaintiff must allege facts to show that the private actor's conduct is "fairly attributable" to the government. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *see also Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) ("While generally not applicable to private parties, a § 1983 action can lie against a private party" only if he is alleged to be "a willful participant in joint action with the State or its agents.") (citation and quotation marks omitted).

Here, Plaintiff's First Amended Complaint fails to allege facts sufficient to show that any Defendant acted on behalf of, or in any way which is attributable to, the State. Thus, without more, Plaintiff's allegations fail to satisfy the first essential prong of a § 1983 claim. *See Haygood*, 769 F.2d at 1354.

In his First Amended Complaint, Plaintiff names the City of San Diego as a Defendant and alleges that the City of San Diego violated his constitutional rights by failing to prosecute the medical marijuana dispensaries as an "illegal business." (FAC at 3.) A municipality may be liable under § 1983 for monetary, declaratory, or injunctive relief where a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690; *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) ("[A] plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995).

Thus, to plead liability on behalf of a municipality, Plaintiff must allege: (1) he was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy was the "moving force behind the constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *Brown*, 520 U.S. at 404; *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Plaintiff must also allege facts showing that his injury was caused by individual municipal officers whose conduct both violated the constitution and conformed to an official municipal policy, custom or practice. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988). Plaintiff's First Amended Complaint does not identify any individuals employed by the City of San Diego as Defendants.

### III.
### CONCLUSION AND ORDER

**IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Appointment of Counsel [ECF Doc. No. 6] is **DENIED**.

**IT IS FURTHER ORDERED** that:

2. Plaintiff's First Amended Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). However, Plaintiff is further **GRANTED** forty five (45) days leave from the date

1  this Order is filed in which to file a Second Amended Complaint if he can cure the deficiencies
2  of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without
3  reference to his original pleading. *See* S.D. CAL. CIVLR 15.1. Any Defendant not named and
4  any claim not re-alleged in the Amended Complaint will be considered waived. *See King v.*
5  *Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

DATED: 10/2/13

_____
HON. WILLIAM Q. HAYES
United States District Judge